UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- versus -

CHRISTOPHER THOMAS,

                      Defendant.

MEMORANDUM AND ORDER
Nos. 11-CR-719, 11-CR-693, 02-CR-441

JOHN GLEESON, United States District Judge:

       Before me is an application by defendant Christopher Thomas to dismiss Charges Two, Three, and Four of the amended petition for Violation of Supervised Release ("VOSR") filed by the United States Probation Department ("Probation") on December 19, 2012. The original petition, regarding alleged criminal conduct that was the subject of a New York state prosecution,[1] was issued on October 16, 2012,[2] two days before the expiration of Thomas's three-year period of supervised release. The amended petition, which added allegations of criminal conduct that are the subject of a pending criminal case in the Southern District of New York,[3] was issued following the expiration of Thomas's period of supervised release.[4] For the

---

[1] This state case was adjourned in contemplation of dismissal on July 10, 2013. *See*, Gov't Letter to Court at 2 n.1, Sept. 13, 2013, ECF No. 23.

[2] I approved the issuance of a summons on the basis of this petition on the same day. Because Thomas did not appear following the issuance of the summons, I granted Probation's petition for the issuance of a warrant on the same charge on October 19, 2012.

[3] On March 29, 2013 a jury convicted Thomas of two counts of attempt and conspiracy to commit bank fraud and wire fraud, one count of bank fraud, and one count of aggravated identify theft. Minute Entry, *United States v. Christopher E. Reese*, No. 12-CR-629 (S.D.N.Y. Mar. 29, 2013). Thomas's sentencing is currently scheduled for October 25, 2013. Order, *United States v. Reese*, No. 12-CR-629 (S.D.N.Y. Sept. 26, 2013), ECF No. 118.

[4] I approved the issuance of a summons on the basis of this amended petition.

reasons set forth below, I grant Thomas's application and dismiss Charges Two, Three, and Four of the amended petition.[5]

## DISCUSSION

A.      18 U.S.C. § 3583(i)

18 U.S.C. § 3583(i) provides:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and . . . a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

Thomas argues that "[b]y its plain terms," this provision "clearly prohibits a delayed revocation of supervised release except in cases where '*before its expiration*, a warrant or summons is issued on the basis of an allegation of such a violation.'" Thomas Letter to Court, Aug. 30, 2013, ECF No. 22 (citing 18 U.S.C. § 3583(i)) (emphasis in original). He concludes that because the amended petition, which added Charges Two, Three, and Four to the original petition for VOSR, was not issued until after the expiration of his term of supervised release, the Court lacks jurisdiction to adjudicate these alleged violations.

The government counters that "[w]here, as here, a summons or warrant is issued pre-expiration on the basis of an alleged violation, § 3583(i) vests the court with jurisdiction over all violations committed during the supervised release term." Gov't Letter to Court at 1, Sept. 13, 2013, ECF No. 23. Specifically, the government argues that since the Court issued a summons on the basis of Thomas's alleged state criminal conduct prior to the expiration of the

---

[5]      Charge One of the amended petition is the charge alleged in the original petition.

2

supervised release term, "and because Charges Two, Three and Four are based on conduct committed during the term, the Court has jurisdiction to adjudicate these charges." *Id*. at 2.

"Statutory analysis begins with the plain meaning of the statute." *United States v. Ripa*, 323 F.3d 73, 81 (2d Cir. 2001) (citing *Natural Resources Defense Council, Inc. v. Muszynski*, 268 F.3d 91, 98 (2d Cir. 2001)); *Sebelius v. Cloer*, 133 2. Ct. 1886, 1893 (2013) ("As in any statutory construction case, '[w]e start, of course, with the statutory text,' and proceed from the understanding that '[u]nless otherwise defined, statutory terms are generally interpreted in accordance with their own meaning.'" (quoting *BP America Production Co. v. Burton*, 549 U.S. 84, 91 (2006))). "The meaning of a word [or phrase] cannot be determined in isolation, but must be drawn from the context in which it is used." *United States v. Torres*, 703 F.3d 194, 199 (2d Cir. 2012) (citing *In re September 11 Property Damage Litigation*, 650 F.3d 145, 155 (2d Cir. 2011)) (internal quotation marks omitted); *see also Dobrova v. Holder*, 607 F.3d 297, 301 (2d Cir. 2010) ("In conducting such an analysis, we 'review the statutory text, considering the ordinary or natural meaning of the words chosen by Congress, as well as the placement and purpose of those words in the statutory scheme.'" (quoting *United States v. Aguilar*, 585 F.3d 652, 657 (2d Cir. 2009))).

I find the text of § 3583(i) to be ambiguous. Stripped down, § 3583(i) provides:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release . . . extends beyond the expiration of the term . . . for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

At first blush, the operative language here appears to be "if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." This language, on its

3

face, conveys two types of limitations to the court's authority. The first limitation is temporal – *i.e.*, the court retains authority to revoke a term of supervised release beyond its expiration only if a warrant or summons has been issued prior to expiration. The second limitation is substantive – *i.e.*, the court retains authority to revoke a supervised release term beyond its expiration only on the basis of the violation(s) alleged in the pre-expiration warrant or summons.

But language in the middle of the provision throws a wrench into this interpretation. § 3583(i) provides that the court's authority to revoke a term of supervised release beyond its expiration "extends beyond the expiration of the term . . . for any period reasonably necessary for the adjudication of matters arising before its expiration." This language is in tension with the limitations described above. In particular, the use of the word "matters" in the plural suggests that the court may adjudicate violations not specifically linked to the pre-expiration warrant or summons.

Three Circuits have seized on this latter interpretation, construing § 3583(i) "*not* [to] require the pre-term-expiration-warrant to be based on an allegation concerning the *specific* violation for which revocation may be later, or ultimately sought." *United States v. Naranjo*, 259 F.3d 379, 382 (5th Cir. 2001) (emphasis in original); *United States v. Brennan*, 285 Fed. App'x 51, 57 n.2 (4th Cir. 2008); *United States v. Presley*, 487 F.3d 1346, 1349-50 (11th Cir. 2007). The *Naranjo* court was particularly swayed by § 3583(i)'s use of "the phrase 'such *a* violation,' *not* 'such violation'" in the final clause of the provision. 259 F.3d at 382 (emphasis in original). The court explained:

> If "such violation" had been used, it would refer back to the phrase "violation of a condition of supervised release" employed earlier in subsection (i) and concerning the actual post-term-expiration revocation basis. The employed-phrase, "such *a* violation," however, includes more than just the earlier employed "violation

4

> of a condition" permitting post-term-expiration-revocation. "Such
> *a* violation," which pertains to the basis for the requisite issuance
> of a pre-term-expiration warrant, refers to, or references, *any*
> violation of a condition of supervised release during the term, *not*
> just the one on which revocation is ultimately based.

*Id*. (emphasis in original); *see also id*. ("To read the statute otherwise would render superfluous the use of the article 'a.'").[6]

I am not convinced by the reasoning of the *Naranjo* court. "It is true that the indefinite article 'a[]' generally implies the possibility of a larger number than just one, but that alone does not resolve the issue." *United States v. Hagler*, 700 F.3d 1091, 1097 (7th Cir. 2012); *see also United States v. Gundy*, No. 13-CR-8, 2013 WL 4838845, at *3 (S.D.N.Y. Sept. 11, 2013) ("The meaning of 'a' . . . depends on context.") (citing *Hagen v. Nodak Mutual Insurance Co.*, No. 99-CV-3562, 2000 WL 35528125 (D.N.D. May 8, 2000) ("As a general principle the use of an indefinite article may create an inherent ambiguity depending on how the indefinite nature of the article is interpreted.")). Here, a plain reading of the provision simply fails to imbue the word "a" in "such a violation" with the meaning espoused by the *Naranjo* court. It is also entirely possible that "such a violation" is a shorthand way of referring to the earlier "violation of *a* condition of supervised release." In short, I find that the use of the word "a" in "such a violation," even read in conjunction with § 3583(i) as a whole, fails to resolve the ambiguity of the statutory text.

"If the text of a statute is ambiguous, then [the court] must construct an interpretation consistent with the primary purpose of the statute as a whole." *United States v.*

---

[6] The Eleventh and Fourth Circuits employ the reasoning articulated by the Fifth Circuit in arriving at the same statutory construction of § 3583(i). *See Brennan*, 285 Fed. App'x at 57 n.2 ("To the extent [the defendant] argues that § 3583(i) permits 'post-term revocation only when the warrant or summons is issued . . . on the specific basis of the alleged violation upon which revocation is ultimately based,' we disagree based on the plain language of the statute." (citing *Naranjo*, 259 F.3d at 382)); *Presley*, 487 F.3d at 1349 ("[O]nce [the defendant] was before the court it had the power to consider any violation of the terms of the release and base a revocation on it." (citing *Naranjo*, 259 F.3d at 383)).

*Ripa*, 323 F.3d 73, 81 (2d Cir. 2003) (citing *Connecticut ex rel. Blumenthal v. United States Department of Interior*, 228 F.3d 82, 89 (2d Cir. 2000)). History sheds useful light on the purpose of § 3583(i). Prior to its enactment, "courts . . . long recognized that unless a court retains some authority to punish violations of supervised release after the expiration of the term, violations of the conditions of release . . . that occur late in the term of supervised release would go unpunished." *United States v. Janvier*, 599 F.3d 264, 265-66 (2d Cir. 2010). This was so because "[e]lementary conditions of fairness, embodied in the Due Process Clause of the Fifth Amendment, require a hearing at which the court determines whether the release has violated the conditions of his release" and "[t]he necessary proceedings take time." *Id*. at 266 (citations omitted). Thus, "if courts lost the power to punish upon expiration of the release or probation term, proceedings on charges of violations filed late in the term would either be rushed, leading to unreliable outcomes, or delayed, leading to avoidance of just punishment." *Id*.

Congress acted in 1994 "to make explicit the authority of courts to revoke supervised release after expiration of the release term, enacting 18 U.S.C. § 3583(i) with respect to supervised release." *Id*. (citing Violent Crime and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 110505, 108 Stat. 1796, 2017). In subsequent cases,

> [t]he courts of appeal have uniformly held that section 3583(i) . . . merely codified the prior practice, which held that the court could, after the expiration of the term of supervised release . . . revoke the supervised release . . . on the basis of a violation charged in a warrant or summons issued prior to the expiration of the term.

*Naranjo*, 259 F.3d at 385 (Garwood, J., dissenting) (citing cases); *see also United States v. Ramos*, 401 F.3d 111, 116 (2d Cir. 2005) ("We have previously noted that 'the most likely purpose of [§ 3583(i)] was to make absolutely clear Congress' earlier intention that sentencing courts have the authority to hold hearings to revoke or extend supervised release after expiration

6

of the original term if they issue a summons or warrant during the release period.'" (quoting *United States v. Morales*, 45 F.3d, 693, 701 (2d Cir. 1995))).

But precisely what "prior practice" was Congress explicitly authorizing? Before the enactment of § 3583(i), did sentencing courts invoke their authority to revoke supervised release after the expiration of the supervised release term on the basis of charges for which a pre-expiration summons or warrant was issued? Or did they invoke their authority to levy such punishment on the basis of any violation committed during the supervised release term, even if a pre-expiration summons or warrant failed to allege that particular violation?

It seems quite clear that sentencing courts invoked their authority to punish violations of supervised release following the expiration of the supervised release term on the basis of specific violation(s) charged in a pre-expiration summons or warrant. The genesis of this invocation of power was to permit courts – as a practical matter – to actually adjudicate "charges of violations filed late in the term," without worrying about "los[ing] the power to punish upon expiration of the release . . . term." *Janvier*, 599 F.3d at 266. In other words, the "prior practice" evolved to accommodate the reality that "proceedings take time; if courts lost the power to punish upon expiration of the release . . . term, *proceedings on charges of violations filed late in the term* would either be rushed" or fail to occur at all. *Id*. (emphasis added). "[S]o long as some . . . triggering event had occurred during the term of release [*i.e.*, the issuance of a summons or warrant], the courts held, a court would retain jurisdiction over the releasee for the time necessary to adjudicate *the charge*." *Id*. (emphasis added). In light of this history, which informs the purpose of § 3583(i), I conclude that I retain jurisdiction only over those alleged violations of supervised release specifically charged in a pre-expiration summons or warrant.

7

Here, the government filed a petition and the Court issued a summons prior to the expiration of Thomas's supervised release term as to alleged criminal conduct that was the subject of a New York state prosecution. I therefore retain jurisdiction over this alleged violation. I do not, however, have jurisdiction over violations alleged in the amended petition (on the basis of which the Court issued a second summons) filed following the expiration of Thomas's supervised release term. Accordingly, I dismiss Charges Two, Three, and Four of the amended petition.

DISCUSSION

For the reasons set forth above, I grant Thomas's application and dismiss Charges Two, Three, and Four of the amended petition.

So ordered.

John Gleeson, U.S.D.J.

Dated: October 3, 2013
      Brooklyn, New York